389 P.2d 738

Elizabeth JONES, Plaintiff and Appellant,

v.

HORMAN'S INC., a Utah corporation, Allen Steel Company, a Utah corporation, John Doe and Richard Roe, Defendants and Respondents.

No. 9956.

Supreme Court of Utah.

March 10, 1964.

John E. Stone and Robert C. Cummings, Salt Lake City, for plaintiff and appellant.

Ray, Quinney & Nebeker, Stephen B. Nebeker, Raymond M. Berry, Salt Lake City, for defendants and respondents.

CALLISTER, Justice.

This is a personal injury action. Defendants were granted a summary judgment from which plaintiff appeals.

There appears to be no dispute as to the facts which were presented to the lower court in support of the motions for summary judgment. Defendant Horman was the general contractor employed to build an addition to the Town House Athletic Club in Salt Lake City. Defendant Allen Steel was a sub-contractor and was to furnish and erect the steel necessary for the construction.

On the morning of March 27, 1962, plaintiff's husband had a conversation in a grocery store with a Mr. Hoffine, Horman's

masonary sub-contractor. Hoffine told Mr. Jones that he might be able to give the latter a job on the Town House project as soon as the steel was up. That same day Mr. Jones observed steel being unloaded at the building site. Although no one had requested that he visit the site, that evening he asked his wife, plaintiff herein, to walk with him to the Town House to see if the steel work had been completed.

They arrived about 7:30 p. m. They did not observe any workmen or other persons upon the premises. Plaintiff was tired from the walk so her husband set a building block next to a pile of steel girders upon which she sat to rest while he inspected the progress of the construction. While thus sitting the steel girders began slipping from their stacked position. She did not see them slip, but her husband heard the noise and was able to pull her from the direct area where the girders fell. However, plaintiff sustained a scraped back and a broken toe.

Plaintiff claims that she enjoyed the status of an invitee at the time of the accident and, therefore, the lower court erred in granting the summary judgment against her. Her argument is that her husband, by reason of the conversation with Hoffine, had an implied invitation to visit the prem-ises to ascertain the progress of the work in order to determine when his possible future employment might commence. She contends that the entry upon the premises was for the mutual advantage of the defendants and her husband and, therefore, he had the status of an invitee. Plaintiff, being his companion, had the same status.

The argument is untenable. Plaintiff's husband was a trespasser under the circumstances. His casual conversation with Hoffine cannot be construed as an invitation to enter the premises. Even if it could be so construed, Mr. Jones would still be a trespasser becaue his visit was at an unreasonable hour after the day's work had ceased and all employees had left.[1] Her husband being a mere trespasser, plaintiff could be nothing more.[2]

Affirmed. Costs to defendants.

HENRIOD, C. J., and McDONOUGH and WADE, JJ., concur.

CROCKETT, Justice (concurring in the result).

On the basis of the limited facts shown upon the granting of the motion for summary judgment, which must be viewed in the light most favorable to the plaintiff, I am extremely doubtful about the conclu-

---

1. See In re Wimmer's Estate, 111 Utah 444, 182 P.2d 119 (1947).
2. In reaching this conclusion, we do not intend to imply that a wife who accompanies her invitee husband to a potential place of employment would enjoy his status.

sion as a matter of law that the plaintiff's husband was a trespasser. But I agree that it does not appear that the defendant violated any duty it owed to the plaintiff under the circumstances.